UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL A. UMBERT, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 18-1336-TSC |

### ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Federal Bureau of Investigation ("FBI"), and others, (collectively "Defendants") respectfully submit their Answer to Plaintiffs' First Amended Complaint. The paragraphs below correspond to the numbered paragraphs in the First Amended Complaint:

### Parties

1.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 1.

2.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 2.

3.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 3.

4.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 4.

5.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 5.

6. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 6.

7. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 7.

8. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 8.

9. The allegations of paragraph 9 are conclusions of law that do not require a response. To the extent that a response is required, Defendants admit that the United States is a named defendant.

10. Admit.

11. Admit that the FBI oversees the National Instant Criminal Background Check System. Deny that the FBI is responsible for enforcing all laws, customs, practices, and policies associated with this action.

## Jurisdiction And Venue

12. The allegations of paragraph 12 are legal conclusions that do not require a response. To the extent a response is required, Defendants admit only that Plaintiffs have styled this action as being brought against the United States was brought under 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202; 18 U.S.C. § 925A; and 42 U.S.C. § 1983 and § 1988.

13. Defendants deny the allegations of paragraph 13.

## Statement Of Facts

### A. Applicable Law

14. The allegations of paragraph 14 are conclusions of law that do not require a response.

15. The allegations of paragraph 15 are conclusions of law that do not require a response.

16. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 16.

17. Admit under 18 U.S.C. § 922(t), a licensed importer, licensed manufacturer, or licensed dealer shall not transfer a firearm to any other person who is not licensed under this chapter, unless— (A) before the completion of the transfer, the licensee contacts the national instant criminal background check system established under section 103 of that Act; (B) (i) the system provides the licensee with a unique identification number and response of proceed; or (ii) 3 business days (meaning a day on which State offices are open) have elapsed since the licensee contacted the system, and the system has not notified the licensee that the receipt of a firearm by such other person would violate subsection (g) or (n) of this section; and (C) the transferor has verified the identity of the transferee by examining a valid identification document (as defined in section 1028(d) of this title) of the transferee containing a photograph of the transferee.

18. Admit that Federal law precludes a Federal Firearm Licensee ("FFL") from transferring a firearm to a person known to be prohibited from purchase or possession of such a firearm under state or federal law.

19. Admit that individuals denied a firearm under 18 U.S.C. 922(t) are authorized to file an appeal with the FBI.

20. Admit that the FBI temporarily halted the processing of research on appeals, on November 25, 2015, and resumed normal operations on January 12, 2016.

21. Deny.

22. Admit that federal law does not regulate private transfers of all firearms.

23.     Admit that it is unlawful for any person to sell, dispose of, or otherwise transfer a firearm to any prohibited person, if that person is known to be, or reasonable cause exists to believe that the person is, prohibited.

24.     Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 24.

25.     The allegations of paragraph 25 are legal conclusions that do not require a response.

26.     Deny.

27.     Admit that Judge Richard Mark Gergel presided over the <u>Sanders v. United States</u>, Civil Action No. 16-2356-RMG, 2018 U.S. Dist. LEXIS 101423 (D.S.C. June 18, 2018).

28.     The allegations of paragraph 28 are conclusions of law that do not require a response. To the extent that a response is required, Defendants admit that the allegations contained in this paragraph accurately describe the criminal activity of Dylann Roof as summarized by the South Carolina District Court.

29.     Admit that at the time of Dylann Roof transaction, the National Instant Criminal Background Check System ("NICS") was not authorized to access the N-DEx system. Defendants admit that the allegations contained in this paragraph accurately reflect the South Carolina District Court's description of N-DEx.

30.     The allegations of paragraph 30 are conclusions of law that do not require a response.

31.     The allegations of paragraph 31 are conclusions of law that do not require a response.

32.     The allegations of paragraph 32 are conclusions of law that do not require a response.

33.     The allegations of paragraph 33 are conclusions of law that do not require a response.

34.     The allegations of paragraph 34 are conclusions of law that do not require a response.

To the extent that any response is required, denied.

35. Deny.

36. Deny.

37. Deny.

### b. Suppressors

38. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 38.

39. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 39.

40. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 40.

41. The allegations of paragraph 41 are conclusions of law that do not require a response.

42. The allegations of paragraph 42 are conclusions of law that do not require a response.

43. The allegations of paragraph 43 are conclusions of law that do not require a response.

44. The allegations of paragraph 44 are conclusions of law that do not require a response.

45. The allegations of paragraph 45 are conclusions of law that do not require a response.

46. The allegations of paragraph 46 are conclusions of law that do not require a response.

47. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 47.

48. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 48.

49. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 49.

50. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 50.

51. The allegations of paragraph 51 are conclusions of law that do not require a response.

52. The allegations of paragraph 52 are conclusions of law that do not require a response.

53. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 53.

54. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 54.

55. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 55.

56. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 56.

57. Admit.

58. The allegations of paragraph 58 are conclusions of law that do not require a response.

59. Admit.

60. Admit.

61. Admit that part of the process for approval of a transfer of an NFA regulated firearm, requires the completion and filing of Form 4 with ATF and the ATF contacts the NICS to conduct a search of III, NCIC, and the NICS Index. Deny all other allegations.

62. Defendants are without sufficient knowledge to admit or deny the allegations of

paragraph 62.

63.     Admit that the FBI does not process appeals received from an individual denied the transfer of a firearm by the ATF. As to the remaining allegations of paragraph 63, denied.

64.     The allegations of paragraph 64 are conclusions of law that do not require a response.

**c. Capable of Evading Review**

65.     The allegations in this paragraph are legal conclusions to which no response is required.

66.     The allegations in this paragraph are legal conclusions to which no response is required.

67      The allegations in this paragraph are legal conclusions to which no response is required.

68.     The allegations in this paragraph are legal conclusions to which no response is required.

69.     The allegations in this paragraph are legal conclusions to which no response is required.

70.     The allegations in this paragraph are legal conclusions to which no response is required.

71.     The allegations in this paragraph are legal conclusions to which no response is required.

72.     Deny the first sentence; the remainder of the allegations of paragraph 72 are conclusions of law that do not require a response.

73.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, deny.

74.     The allegations in this paragraph are legal conclusions to which no response is required.

75.     The allegations in this paragraph are legal conclusions to which no response is required.

76.     Admit that USA Today so reported, but the Court is respectfully referred to the document as the best evidence of its content.

77.     Admit that the FBI NICS Section temporarily halted the processing of research on appealed transactions on November 25, 2015, until resuming normal operations on January 12,

2016.

78. Admit that the FBI released documents reflecting the temporary cessation of some appeals functions.

79. Admit that the FBI released documents reflecting the temporary cessation of some appeals functions.

80. Admit that the NICS utilizes faxes to contact record holders in accordance with that agency's requirements regarding method of contact.

81. Admit that NICS employees are not required to re-contact an unresponsive agency.

82. Admit that the documents provided in response to the referenced FOIA request reflected the NICS policies at the time of the document issuance.

83. The allegations of paragraph 83 are conclusions of law that do not require a response.

84. Deny.

85. This paragraph contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to this relief or to any relief whatsoever.

    I.    **Plaintiff Daniel Umbert**

86. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 86.

87. Deny.

88. Admit that a Form 4 was submitted to the Bureau of Alcohol Tobacco and Firearms ("ATF").

89. Admit.

90. Admit that the letter references 18 U.S.C. 922(g) generally as prohibiting "certain persons from shipping, transporting, possessing or receiving firearms" without stating a specific subsection.

91. Admit that NTN 100HTC5GS was associated with Plaintiff Umbert.

92. Deny that the FBI is not processing appeals of firearms denied under 18 U.S.C. section 922(t) by the FBI.

93. Deny that Plaintiff Umbert is not a prohibited person. As to the other allegations of paragraph 93, Defendants are without sufficient knowledge to admit or deny the allegations.

94. This paragraph contains Plaintiff's general legal claim, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to this relief or to any relief whatsoever.

95. The allegations of paragraph 95 are conclusions of law that do not require a response.

    **II.**    **Plaintiff Troy Brent Chodosh**

96 - 107. Plaintiff Chodosh has been dismissed from the suit. To the extent that a response is required, Defendants deny the claims in these paragraphs.

    **III.**    **Plaintiff Chase W. Bickel**

108 - 115. Plaintiff Bickel has been dismissed from the suit. To the extent that a response is required, Defendants deny the claims in these paragraphs.

    **IV.**    **Plaintiff Erroll Alexander Eaton**

116. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 116.

117. Defendants are without sufficient knowledge to admit or deny the allegations of

paragraph 117.

118. The allegations of paragraph 118 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

119. Admit that Plaintiff Eaton submitted a completed Form 4 to ATF.

120. Admit the first sentence. Admit that NTN 100J3SDH4 was assigned.

121. Deny that Plaintiff Eaton is not a prohibited individual. Deny that the FBI made the final determination, i.e., denying the transfer of an NFA firearm to Plaintiff Eaton.

### V. Plaintiff Gary James LeComte

122. Admit that NTN 2YCWZXK was assigned, and that Plaintiff LeComte were originally denied based on a NICS Background check for the sale of a long gun.

123. Admit that an appeal was filed and the FBI responded with the referenced document. The Court is respectfully referred to the document as the best evidence of its content.

124. Admit that the FBI was unable to resolve the appeal and in accordance with federal law, advised Plaintiff LeComte that he may apply directly for a correction of the record with the owning agency. The Court is respectfully referred to the document as the best evidence of its content.

125. Admit.

126. Admit that FBI advised Plaintiff LeComte it was unable to nullify the potential prohibition. Pursuant to federal law governing appeals that cannot be resolved, the FBI provided the name and address of the agencies reporting the potential prohibiting information. The Court is respectfully referred to the document as the best evidence of its content.

127. Admit that Plaintiff LeComte was arrested on January 5, 1975 by a National Park

Service Park Ranger for malicious mischief – writing on a public restroom and LeComte was convicted of malicious mischief and was sentenced to ninety days probation. As to the remaining allegations of paragraph 127, Defendants are without sufficient knowledge to admit or deny.

128. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 128 and, therefore, deny them. As to the remaining allegations of paragraph 128, Defendants are without sufficient knowledge to admit or deny.

129. Admit that LeComte was arrested on January 6, 1975. As to the remaining allegations of paragraph 129, Defendants are without sufficient knowledge to admit or deny.

130. Admit the Plaintiff LeComte was convicted of a misdemeanor battery. As to the remaining allegations of paragraph 130, Defendants are without sufficient knowledge to admit or deny.

131. The allegations of paragraph 131 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in this paragraph.

132. The allegations of paragraph 132 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in this paragraph.

133. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 133.

134. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 134.

    **VI.**    **Plaintiff Justin Lane Bargeron**

135. Admit that NTN 100G1RNYM was associated with Plaintiff Bargeron. Defendants are

without sufficient knowledge to admit or deny the remaining allegations of paragraph 135.

136. Admit that Plaintiff Bargeron appealed his ATF denial of an NFA firearm directly to the FBI. The Court is respectfully referred to the documents as the best evidence of their content.

137. Deny.

138. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 138.

139. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 139.

140. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 140.

141. Admit that Plaintiff Bargeron is not prohibited based on the 08/24/2007 felony level offense under the First Offender Act, as that has been dismissed. Defendants deny that Plaintiff Bargeron is not a prohibited person as a result of other information in his criminal record. As to the remaining allegation in paragraph 141, Defendants are without sufficient knowledge to admit or deny the allegation.

    **VII.   Plaintiff Kevin Francisco Borquez**

142. Admit. Plaintiff Borquez's transaction was subsequently proceeded.

143. The Court is respectfully referred to the documents as the best evidence of their content.

144. The Court is respectfully referred to the documents as the best evidence of their content.

145. Admit that Plaintiff Borquez is not a prohibited person under federal or applicable state law.

146. The Court is respectfully referred to the documents as the best evidence of their content.

147. Admit that NICS provided ATF with information based upon which ATF reviewed and adjudicated a denial for the transfer of the NFA items.

148. The Court is respectfully referred to the documents as the best evidence of their content.

149. Deny. ATF subsequently overturned the denial and Plaintiff Borquez has engaged in subsequent transfers.

      **VIII.**   **Plaintiff Charles Edward Stewart**

150 - 157.     Plaintiff Stewart has been dismissed from the suit. To the extent that a response is required, Defendants deny the claims in these paragraphs.

### COUNT I – 18 U.S.C. § 925A

158. Defendants incorporate their prior responses set forth above.

159. Admit that the allegations contained in this paragraph accurately paraphrase portions of 18 U.S.C. § 925A. Deny that this is applicable to all Plaintiffs as only one has been denied under 18 U.S.C. 922(s) or (t).

160. This paragraph contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny that the Plaintiffs are entitled to this relief or to any relief whatsoever.

161. This paragraph contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny that the Plaintiffs are entitled to this relief or to any relief whatsoever.

### COUNT II – VIOLATION OF THE SECOND AMENDMENT

162. Defendants incorporate their prior responses set forth above.

163. The allegations of paragraph 163 are conclusions of law that do not require a response.

To the extent that a response is required, Defendants deny the claims in these paragraphs.

164. The allegations of paragraph 164 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

165. The allegations of paragraph 165 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

166. The allegations of paragraph 166 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

167. This paragraph contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to this relief or to any relief whatsoever.

## COUNT III – DECLARATORY JUDGMENT

168. Defendants incorporate their prior responses set forth above.

169. No response required. To the extent that a response is required, Defendants admit that the portions of the Declaratory Judgment Act quoted are accurate, but deny that the Plaintiffs are entitled to declaratory relief.

170. The allegations of paragraph 170 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

171. The allegations of paragraph 171 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

172. The allegations of paragraph 172 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

173. The allegations of paragraph 173 are conclusions of law that do not require a response.

To the extent that a response is required, Defendants deny the claims in these paragraphs.

174. The allegations of paragraph 174 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

**COUNT IV – VIOLATION OF THE PLAINTIFFS' DUE PROCES RIGHTS**

175. Defendants incorporate their prior responses set forth above.

176. Admit that paragraph 176 accurately paraphrases the Fifth Amendment of the United States Constitution.

177. The allegations of paragraph 177 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

178. The allegations of paragraph 178 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

179. The allegations of paragraph 179 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

180. The allegations of paragraph 180 are conclusions of law that do not require a response.

181. The allegations of paragraph 181 are conclusions of law that do not require a response.

182. The allegations of paragraph 182 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

183. The allegations of paragraph 183 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

184. The allegations of paragraph 184 are conclusions of law that do not require a response. To the extent that a response is required, Defendants deny the claims in these paragraphs.

185. The allegations of paragraph 185 are conclusions of law that do not require a response.

To the extent that a response is required, Defendants deny the claims in these paragraphs.

186. The allegations of paragraph 186 are conclusions of law that do not require a response.

187. The allegations of paragraph 187 are conclusions of law that do not require a response.

188. The allegations of paragraph 188 are conclusions of law that do not require a response.

189. The allegations of paragraph 189 are conclusions of law that do not require a response.

190. The allegations of paragraph 190 are conclusions of law that do not require a response. To the extent that a response is required, Defendants admit that the FBI NICS Section temporarily halted the processing of research on appealed transactions on November 25, 2015, until resuming normal operations on January 12, 2016.

191. This paragraph contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny that the Plaintiffs are entitled to this requested relief or to any relief whatsoever.

All allegations not specifically admitted are denied. Defendants further deny that Plaintiffs are entitled to the relief requested, or to any relief at all.

October 25, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Assistant United States Attorney

 /s/ *Alan Burch*
ALAN BURCH, D.C. Bar #470655
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2550, alan.burch@usdoj.gov

*Counsel for Defendants*