UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL A. UMBERT, *et al.*,

      *Plaintiffs*,

      v.

UNITED STATE OF AMERICA, *et al.*,

      *Defendants*.

Civil Action No. 18-1336 (TSC)

**<u>JOINT STATUS REPORT</u>**

Pursuant to this Court's February 17, 2023 Minute Order, directing the parties to submit a joint status report, please accept this as the Parties' Joint Status Report.  As an initial matter, Counsel for Plaintiffs report that Defendant Eaton has been unresponsive to counsel's voicemails, texts, and emails.  Additionally, Defendant Bargeron received a refund for his initially denied application and was recently approved for a second application.  Finally, Plaintiff LeComte advises that in early March 2023, he attempted to purchase a lower receiver and was delayed, then approved shortly thereafter.

Plaintiffs do not believe this case is moot as to all Plaintiffs.  While Bargeron and LeComte[1] have been recently "approved" for purchase of a "firearm," both have had their Second Amendment rights eviscerated by the actions of Defendants.  While there may be an open question as to whether National Firearms Act "firearms" are protected by the Second Amendment, there is no question that Plaintiff LeComte's non-NFA firearm is protected.

On June 23, 2022, the United States Supreme Court handed down its opinion in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).   In footnote 9 of *Bruen*, the Supreme Court stated that "because any permitting scheme can be put toward abusive ends, we do not rule out constitutional challenges to shall-issue regimes where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to public carry." *Bruen* at 2138 n.9.   Mr. LeComte was denied a firearm purchase in June 2015 (ECF# 6 ¶ 122). It was not until Plaintiffs filed their Motion for Summary Judgment on October 15, 2021 (3 years, 4 months and 7 days), Defendants realized that Mr. LeComte should not have been prohibited from

---

[1] Because Counsel for Plaintiffs have been unable to reach Plaintiff Eaton, Counsel is unable to advise on Eaton's status, but will discuss a previous email sent by AUSA April Denise Seabrook.

purchasing firearms.   Under any analysis, 3 years, 4 months, and 7 days is a "lengthy wait time" in order to exercise Second Amendment rights, and as the Amended Complaint brings a Second Amendment claim (ECF#6 ¶¶162-167) this Court should find that Mr. LeComte's Second Amendment rights have been violated.

In a February 2022 email to Plaintiffs' Counsel, Ms. April Denise Seabrook explained that the FBI reported to her that Plaintiff "Eaton had recently tried to purchase a firearm and was placed in a 'delay.'   Like LeComte, this initial 'delay' status results from the fact that he has a criminal history and the history needs to be reviewed by an examiner.   Also, like LeComte, Eaton can speed up this process of clearing any future delays by submitting a VAF application and getting a UPIN."   But 18 U.S.C. § 925A does not require a plaintiff to go through the VAF process and receive a UPIN, it is enough to be denied and to ask the Court for "an order directing that the erroneous information be corrected or that the transfer be approved[.]" If the records were corrected, then no delay should occur.

Likewise, since Mr. LeComte and Mr. Eaton[2] have been subjected to delays, even after being "cleared" by the FBI, it is evident that these issues are capable of repetition and evading review.

The FBI cleared the "prohibiting" information and noted to LeComte that there were potential prohibitions that needed cleared before a "proceed" could be submitted.   The prohibitions had to be cleared for his application for a permit to proceed.   A transaction that is delayed for further research is not a denial.   Second, Defendants proffer that it was not the Plaintiffs' Motion for Summary Judgment that allowed that resolution of any of the Plaintiffs'

_____

[2] See *supra*, paragraph regarding Ms. Seabrook's discussion of Eaton.

applications, but Plaintiffs provided completed sworn statements about the relationship LeComte

had with the victim of his prior assault/battery (*i.e.*, was not of a domestic relationship).   *See* ECF

No. 64.   Defendants still believe that, by Plaintiffs' own admissions about receiving permits

and/or refunds, their claims are now moot.

Dated: May 17, 2023.

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
MS Bar No. 102784
DC District Court Bar #MS0009

Alan Alexander Beck
Law Office of Alan A. Beck
2692 Harcourt Drive
San Diego, CA 92103
(619) 905-9105
Hawaii Bar No. 9145
DC District Court #HI001

*Counsel for Plaintiffs*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:              /s/
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, N.W. Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, attorney for the Plaintiffs, do certify that I have this day filed the foregoing document or pleading via this Court's CM/ECF system which sent a notice and copy of the foregoing to all counsel of record.

This the 17th of May, 2023.

 /s/    Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH