UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| DANIEL A. UMBERT *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 18-cv-1336 (TSC) |
| UNITED STATES *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs Daniel Umbert, Troy Chodosh, Erroll Eaton, Chase Bickel, Gary LeComte, Justin Bargeron, Charles Stewart, and Kevin Borquez sued the United States, the Attorney General of the United States, and the Federal Bureau of Investigation ("FBI"), alleging that Defendants unlawfully prevented them from purchasing firearms in violation of their Second and Fifth Amendment rights, as well as their statutory rights under 18 U.S.C. § 925A. LeComte, Bargeron, and Eaton are the only remaining plaintiffs.[1] LeComte claims that the FBI unlawfully denied his attempt to transfer a firearm that he previously pawned, because of two previous arrests, *see* ECF No. 6 ¶ 122–27; and Bargeron and Eaton claim that they sought to obtain a suppressor (a device attached to a firearm to dampen its sound) by filing a Form 4 with the Alcohol, Tobacco, Firearms and Explosives ("ATF"), but their applications were unlawfully

---

[1] Chodosh, Bickel, and Stewart's claims were dismissed as moot on September 11, 2019. *See* Order, 09/11/2019, ECF No. 22; Mem. Opinion, 09/11/2019, ECF No. 21. Borquez's claims were dismissed on March 13, 2020, in consideration of the parties' joint stipulation of dismissal, ECF No. 34. *See* Order, 03/13/2020, ECF No. 35. Umbert's claims were dismissed on December 28, 2020, in consideration of the parties' joint stipulation of dismissal, ECF No. 40. *See* Minute Order of Partial Dismissal, 12/28/2020.

denied.[2]  Plaintiffs ask the court to order Defendants to: (1) correct Plaintiffs' records so that they are no longer barred from purchasing, receiving, or possessing firearms; (2) permit the transfer of Plaintiffs' firearms; and (3) issue each Plaintiff a Unique Personal Identification Number ("UPIN").[3]  *See* ECF No. 6 at 35–36.  Plaintiffs also seek declaratory judgment against Defendants, injunctive relief against continued violations of the law, and an award of attorney costs and fees.  *Id*.  Because Defendants have provided the injunctive relief that Plaintiffs seek, this action is now moot.

In an earlier opinion, the court set forth the legal background that animates this dispute and explained LeComte, Bargeron, and Eaton's specific allegations.  *See* Mem. Opinion 9/11/2019, ECF No. 21 at 1–6.  Since then, Defendants have taken several actions which provide the relief Plaintiffs seek.  First, Defendants have corrected information in the FBI's National Instant Criminal Background Check System ("NICS") so that a criminal background search of LeComte, Bargeron, or Eaton in NICS no longer prevents them from obtaining a firearm due to their criminal history.  *See* ECF No. 54-3 at 2, 6, 10.  Second, LeComte and Bargeron have each been issued a UPIN, and both are approved to purchase a firearm.  *See* ECF No. 54-1 at 10; ECF No. 64-1 at 3; ECF No. 68 at 2.  As to Eaton, his counsel states that he has lost touch with his client and is "unable to advise on Eaton's status" regarding his ability to purchase firearms.  ECF No. 68 at 2 n.1.  Third, Defendants have refunded Bargeron the fee for his initially denied application.  *Id*.

---

[2] Anyone seeking to transfer a firearm must complete an application with the ATF, which must in turn conduct a background check of the applicant before approving the transfer.  ECF No. 54-3 at 2.  If the FBI confirms that the individual is prohibited from possessing a firearm, the FBI's National Instant Criminal Background Check System Section will recommend that ATF "deny" the application.  *Id*.

[3] UPINs can be used during NICS background checks to "help prevent future extended delays or erroneous denials in their attempts to possess or receive a firearm."  ECF No. 54-3 at 6.

Plaintiffs nonetheless oppose dismissal of this suit on mootness grounds. *See* ECF No. 68 at 2. Their arguments are unavailing.

Article III's Case-or-Controversy Clause limits federal courts' jurisdiction to "actual, ongoing controversies." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)); U.S. Const. Art. III, §2, cl. 1. Thus, a lawsuit is "moot—and is therefore no longer a 'Case' or 'Controversy'—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Almaqrami v. Pompeo*, 933 F.3d 774, 779 (D.C. Cir. 2019) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). In deciding whether it has subject matter jurisdiction, a court may consider "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Chafin*, 568 U.S. at 172.

At this juncture, Plaintiffs may legally purchase firearms and pass background checks, and LeComte and Bargeron have been issued UPINs and successfully purchased firearms. If Eaton has not yet been issued a UPIN, he may apply for one. *See* ECF No. 12-3 ¶ 2. Since Plaintiffs can now purchase firearms and either have obtained or can apply for a UPIN, their claims have been fully resolved. Plaintiffs, however, argue that this case is not moot because the court can declare that their Second Amendment rights have been violated and because the delays that they experienced in obtaining government approval to purchase or transfer a firearm are capable of repetition and evading review. ECF No. 68 at 2–3.

In *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, the D.C. Circuit explained that when a plaintiff's specific claim—"attack[ing] an isolated agency action"—is fully resolved, "then the mooting of the specific claim moots any claim for a declaratory judgment that the specific action was unlawful, unless the specific claim fits the exception for cases that are capable of repetition, yet evading review." 24 F.3d 1421, 1429 (D.C. Cir. 1994) (internal quotation marks and citation omitted). "Under the capable of repetition yet evading review exception to mootness, the plaintiff must demonstrate that '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (quoting *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc)).

Here, the challenged agency action—preventing Plaintiffs from legally purchasing or transferring firearms—fails both the "evading review" and "capable of repetition" prongs. First, "evading review" is understood to mean that the action complained of will likely "evad[e] Supreme Court review," because of its short duration. *Id*. The D.C. Circuit has held that "agency actions of less than two years' duration cannot be 'fully litigated' prior to cessation or expiration, so long as the short duration is typical of the challenged action." *Id*. (quoting *Pub. Utils. Comm'n v. FERC*, 236 F.3d 708, 714 (D.C. Cir. 2001) and *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 690 (D.C. Cir. 1996)). But Plaintiffs admit that LeComte was denied a firearm purchase for more than three years because Defendants rejected his firearm purchase application, ECF No. 68 at 2–3, thus dispatching their argument that denial of a firearm purchase evades review. Second, the issuance of UPINs is intended to resolve any issues regarding repeated denials of firearm purchases or transfers, *see* ECF No. 54-3 at 6, and

Plaintiffs' declarations that they will seek to purchase firearms in the future does not satisfy the capable of repetition prong.  *See Int'l Internship Programs v. Napolitano*, 853 F. Supp. 2d 86, 96 (D.D.C. 2012) (finding that plaintiff's declaration that it will file future visa petitions "alone is insufficient to show probability or reasonable expectation" of future injury).

Accordingly, the court finds that this action is moot and will dismiss it *sua sponte* for lack of subject matter jurisdiction.  An Order will accompany this Memorandum Opinion.

Date:  June 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge